IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| Vs. ) | Case No. 4:16-CR-00250-RWS |
| ) | |
| MARK A GREAVES, ) | |
| ) | |
| Defendant. ) | |

---

**SENTENCING MEMORANDUM SUBMITTED ON BEHALF OF
DEFENDANT MARK GREAVES**

---

                              Matthew T. Schelp, #45724
                              Matthew P. Diehr, #61999
                              HUSCH BLACKWELL LLP
                              190 Carondelet Plaza, Suite 600
                              St. Louis, MO 63105
                              (314) 480-1500 Telephone
                              (314) 480-1505 Facsimile
                              Matthew. Schelp@huschblackwell.com
                              Matthew.Diehr@huschblackwell.com

                              *Attorneys for Defendant*
                              *Mark Greaves*

## **TABLE OF CONTENTS**

PAGE

I.   Preliminary Statement .......................................................................................... 1

II.  Principles of Sentencing ....................................................................................... 1

III. The Nature and Circumstances of the Offense and History and Characteristics of Mr. Greaves Support a Sentence of Probation .................................................... 3

IV.  A Sentence of Probation Would Be Sufficient but not Greater than Necessary to Achieve the Purposes of United States Sentencing. ............................................. 5

V.   Conclusion ............................................................................................................ 7

## SENTENCING MEMORANDUM ON BEHALF OF DEFENDANT MARK GREAVES

COMES NOW Defendant Mark Greaves, by and through the undersigned attorneys, and for his sentencing memorandum, states as follows:

I.     **Preliminary Statement**

Mr. Greaves is a good man, a loving husband, and a father to six wonderful children. While he has violated the law, he has taken full responsibility for his actions and taken a series of steps that will result in his complete rehabilitation. Mr. Greaves has been humbled by these proceedings, and he presents the opportunity for this Court to fashion a probationary sentence that truly is sufficient but not greater than necessary to address all goals of sentencing. For these reasons, he respectfully requests a probationary sentence.

II.    **Principles of Sentencing**

Title 18, United States Code, § 3553(a)(1) directs sentencing courts to consider among other things the "nature and circumstances of the offense and the history and characteristics of the defendant."  Section 3553(a) also requires the courts "to impose a sentence sufficient but not greater than necessary to comply with the purposes" of United States sentencing: (1) retribution, (2) general deterrence, (3) specific deterrence, and (4) rehabilitation. 18 U.S.C. § 3553(a)(2); *See United States v. Gupta*, 904 F.Supp.2d 349, 354-55 (S.D.N.Y. 2012); *United States v. Adelson*, 441 F.Supp.2d 506, 514 (S.D.N.Y. 2006). Courts are also directed by § 3553(a) to take into account the types of sentences available, the United States Sentencing Guidelines ("the Guidelines"), and pertinent policy statements. 18 U.S.C. § 3553(a)(3)-(5). Congress also specifically highlighted the goal to avoid unwarranted sentence disparity among defendants with similar records who have been found guilty of similar conduct. 18 U.S.C. § 3553(a)(6). Finally,

the statute charges courts with considering the importance of restitution in the United States criminal system. 18 U.S.C. § 3553(a)(7).

In *United States v. Booker*, 543 U.S. 220, 245 (2005), the Supreme Court held that the U.S. Guidelines are effectively advisory rather than mandatory. Accordingly, any type of sentence the Court deems just is available, including probation. The Supreme Court has recommended that a specific multi-step process be followed in imposing sentence. First, "a court should begin all sentencing proceedings by correctly calculating the applicable Guidelines range." *Gall v. United States*, 552 U.S. 38, 49 (2007). Thereafter,

> [a]fter giving both parties an opportunity to argue for whatever sentence they deem appropriate, the [court] should then consider all the §3553(a) factors to determine whether they support the sentence requested by a party. In so doing, [the court] may not presume that the Guidelines range is reasonable.

*Id*. at 49-50. As such, federal courts enjoy broad discretion in fashioning sentences based on the unique attributes of the individuals who come before them. *Koon v. United States*, 518 U.S. 81, 113 (1996) ("the sentencing judge . . . [shall] consider every convicted person as an individual and every case as a unique study in the human failings that sometimes mitigate, sometimes magnify, the crime and the punishment to ensue"); *Pepper v. United States*, -- U.S. --, 131 S.Ct. 1229, 1240 (2011) ("punishment should fit the offender and not merely the crime").

Here, the §3553(a) factors are consistent with a sentence of probation. Mr. Greaves has no need for medical, vocational, or other rehabilitative treatment, in large part because of the personal responsibility he demonstrated by fully addressing his offense and continuing to defeat his addiction. Deterrence and retribution are also satisfied by a number of factors discussed below, including Mr. Greaves' surrender of his pharmacist license.

2

### III. The Nature and Circumstances of the Offense and History and Characteristics of Mr. Greaves Support a Sentence of Probation.

The nature and circumstances of the offense, in the context of the history and characteristics of Mr. Greaves, reveal probation would be a sentence sufficient but not greater than necessary to comply with the purposes of sentencing.

Mr. Greaves is a good man who, while suffering from debilitating headaches, made a horrible and regrettable decision to self- prescribe. As such, he succumbed to temptation in his capacity as the pharmacist-in-charge at the Dierberg's grocery store located in Fenton, Missouri. Mr. Greaves worked as a pharmacist at Dierberg's since 1997 and held the position of pharmacy manager for more than fifteen years, from July 2000 until December of 2015. While Mr. Greaves in no way downplays his conduct, it is notable that his offense was limited to such a comparatively small time period, from approximately April 2014 to October 2015.

Mr. Greaves's history as a loving and devoted husband and father is far more reflective of his character than his regretful decision to engage in the conduct that brings him before this Court. Mr. Greaves has been married to his wife, Helen, for more than thirty years. The couple has six children ranging in age from 32 to 20. A lifelong St. Louisan, Mr. Greaves is a loving father to his children and devoted husband to Helen. The letter in support submitted by Mr. Greaves' family  bear this out better than this memorandum possibly could. Mr. Greaves' oldest son, Mark Jr., describes the time he spent with his father as a small boy, how Mr. Greaves coached sports for all six kids, pulled his family up financially and supported Catholic schooling for all of them. Exhibit 1, p. 16. His daughter, Jessica Wolf, describes how Mr. Greaves has always been her shoulder to cry on. Exhibit 1, p. 36. Many of Mr. Greaves' extended family members, as well as multiple in-laws, have written of Mr. Greaves strong character and the high opinion they hold of him. Finally, Helen's letter in support of her husband shows how truly

3

proud she remains of her husband and the untold sacrifices he made to raise six wonderful, well-educated children while also working tirelessly for customer he truly cared for. Exhibit 1, p. 13-15.

      Mr. Greaves's aberrant decision to self-prescribe in this matter was compounded when it turned into an addiction. Mr. Greaves' career prior to his offense conduct demonstrate how out-of-character his behavior was and also indicates that his history and characteristics cut in favor of a probationary sentence. Mr. Greaves held his position with Dierberg's faithfully for a number of years before persistent headaches led him to begin abusing the prescription drug Fiorvicet, which then led to the abuse of the other prescription drugs at the center of this case. The letter in support from longtime co-worker Patricia Montgomery, for instance, demonstrates just how aberrant Mr. Greaves' conduct was here, as it describes a man who was adored by his patients and who always went the extra mile for his clientele. Exhibit 1, p. 30. A number of other co-workers have written in support of Mr. Greaves, and their support reveals a man who cared not just for his clientele, but also for his co-workers and employees. *See* Exhibit 1, p. 5-7, 35. One cannot read the letters in support of Mr. Greaves without realizing his compassion for others—for elderly neighbors such as Donald Radeacker and others, Exhibit 1, p. 8, 33; for clients of his who were less fortunate, Exhibit 1, p. 11; and most of all for his family.

      The hopeful part of this case is that Mr. Greaves recognized his conduct and corrected it, by weaning himself off of the drugs and conquering his addiction, even before the offense conduct was revealed. He has also sought counseling and attended Narcotics Anonymous meetings to combat his addiction.  Mr. Greaves remains clean since October of 2015, and with the significant consequences stemming from this criminal matter, it appears extremely unlikely he will succumb to such temptation again.

4

Mr. Greaves also submits that the nature of his offense cuts in favor of probation here, too, or at the very least displays mitigating circumstances not taken into account by the Guidelines. Mr. Greaves is a well-adjusted individual with no drug addiction or alcohol problems prior to this situation. His conduct is attributable to the persistent headaches he was experiencing at the time, but also to the significant stress that results from being the breadwinner for a family of eight. Notably, Mr. Greaves has taken control of his life and conquered his short-lived addiction. As the presentence report notes, Mr. Greaves has taken responsibility for his abuse of a position of trust here, which is already factored into the Guideline range suggested in the report. Mr. Greaves succumbed to temptation, initially talking himself into believing his conduct was acceptable though his conscience all along told him otherwise. He did not endeavor to profit from his position as a pharmacist or otherwise abuse his position. He made a mistake, pure and simple, and he has accepted responsibility for it.

**IV.    A Sentence of Probation Would Be Sufficient but not Greater than Necessary to Achieve the Purposes of United States Sentencing.**

Section 3553(a)(2) enumerates the purposes of sentencing to be achieved by imposing "a sentence sufficient but not greater than necessary": (1) retribution, (2) general deterrence, (3) specific deterrence, and (4) rehabilitation.

Here, Mr. Greaves has no need for medical, vocational, or other rehabilitative treatment. This is in large part a reflection on Mr. Greaves willpower and commitment to rehabilitation— once he recognized the consequences of his actions, he immediately set about overcoming the addiction that led him to commit this offense. As rehabilitation is one of the four cornerstones of United States sentencing, it is notable that Mr. Greaves has already demonstrated the personal responsibility to rehabilitate himself without the need for a prison sentence and even before the offense conduct was revealed. As part of this rehabilitation, Mr. Greaves has also undergone

5

therapy, sought counseling, and been prescribed a mild anti-depressant. He intends to continue this treatment, which further obviates the need for additional rehabilitation that might otherwise be achieved through a prison sentence. Further, this has helped him understand what led him astray. He respectfully submits that the sentencing goal of rehabilitation would be met by a probationary sentence.

Similarly, the sentencing goal of specific deterrence is achieved by a term of probation. As described more fully *supra* Section III., the history and characteristics of Mr. Greaves indicate that he will make every effort to restore his reputation in the community and continue to serve as a loving father and devoted husband. Importantly, Mr. Greaves has entered into a settlement agreement with the Missouri Board of Pharmacy whereby he surrendered his pharmacist license. In addition to recovering from his addiction, therefore, he also simply no longer has the access that would easily allow for recidivism. There appears to be no indication that Mr. Greaves would commit the same type of offense again, and rather his personal history demonstrates that Mr. Greaves's offense was aberrant.

Probation would also be a sentence sufficient but not greater than necessary to achieve the sentencing goals of general deterrence and retribution. Courts have noted that imposition of financial burdens on white-collar offenders can serve the goals of retribution and general deterrence. *See, e.g. Adelson*, 441 F.Supp.2d at 514. Mr. Greaves' ability to earn a living and support his family has been significantly hampered by his conduct. The father of six children, this is a significant consequence to Mr. Greaves, whose wife makes a modest income working for St. Louis University, where their youngest son attends school. He has also lived under the weight of these charges as he has awaited sentencing. Mr. Greaves has been humbled by admitting his own conduct to his family and friends. Finally, Mr. Greaves surrendered his

6

pharmacist license. Mr. Greaves respectfully submits that the stress he has caused his family in this matter, the financial consequences of his conduct, and all the attendant consequences of a felony plea are all appropriately considered by this Court in assessing whether the United States sentencing goals of general deterrence and retribution have been achieved.

Finally, Mr. Greaves also agreed to and has already paid full restitution to Dierberg's in the amount of $707.47. Congress specifically delineated restitution as important to the consideration courts are to give offenders, 18 U.S.C. § 3553(a)(7), and so Mr. Greaves' acceptance of responsibility in the form of restitution cuts in favor of a probationary sentence.

### VIII.  Conclusion

Mr. Greaves is aware this case represents a significant failure on his part. However, as demonstrated in this memorandum, Mr. Greaves has accepted responsibility for his conduct and made significant efforts to rehabilitate himself, including taking actions to overcome his addiction before the offense conduct was revealed. Mr Greaves continues in his efforts restore his position in the community and with his family.

Mr. Greaves' conduct in this matter stands against a backdrop of compassionate service to others—to his patients, to his neighbors and friends, and to his wonderful family. It is this compassion for and devotion to others that sets Mr. Greaves apart from many offenders that come before this Court. All indicators are that Mr. Greaves will be a loving father and husband for the years to come, and a sentence of probation would be sufficient but not greater than necessary to achieve all goals of federal sentencing. As a result, Mr. Greaves respectfully requests that this Court impose a sentence of probation.

**WHEREFORE** Defendant Mark Greaves respectfully requests this court to consider all of the matters presented herein and impose a sentence of probation.

<div style="margin-left: 3in;">

Respectfully submitted,

HUSCH BLACKWELL LLP

*/s/: Matthew T. Schelp*
Matthew T. Schelp, #45724
Matthew P. Diehr, #61999
190 Carondelet Plaza, Suite 600
St. Louis, MO 63105
Telephone:  (314) 480-1500
Facsimile:   (314) 480-1505
E-Mail:   matthew.schelp@huschblackwell.com
E-Mail: matthew.diehr@huschblackwell.com
*Attorneys for Defendant Mark Greaves*

</div>

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 21, 2016, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon all attorneys of record.

<div style="margin-left: 3in;">

*s/Matthew T. Schelp*
MATTHEW T. SCHELP, #45724

</div>

8